PUDIGON v. GOBLET.

1. Where an appeal is taken, but there are no grounds of error alleged, the appeal is not entitled to a hearing. This rule applied to this case, as the appeal was from an order refusing defendant's motion to vacate a judgment by default, for delay in docketing the cause, when such

delay was a courtesy extended at his own request, and where there was no claim of a *bona fide* defence.

2. Under the present practice, a plaintiff is not out of court for failing to docket the cause within a year and a day, as the defendant has a right to docket. *Hagood* v. *Riley*, 21 *S. C.*, 143.

Before PRESSLEY, J., Charleston, June, 1885.

The opinion states the case.

*Mr. Chas. E. Carrere*, for appellant.

*Messrs. Smythe & Lee*, contra.

March 26, 1886.   The opinion of the court was delivered by

MR. JUSTICE MCIVER.   On August 2, 1880, Francis Goblet duly filed his summons and complaint against Louis Pudigon to recover the amount due on certain notes bearing date July 1, 1876, set forth in the complaint.   On August 4, 1880, the summons and complaint were duly served personally on Louis Pudigon, and on June 20, 1882, judgment by default in favor of the respondent against the appellant was duly entered.   On May 19, 1885, a notice was served on the attorneys for Goblet that "on an affidavit, a copy of which is herewith annexed, and on the records of the court in this cause, and on the minutes and calendars of the court," a motion would be made to set aside said judgment and all subsequent proceedings therein; but upon what grounds, is not stated in the notice.   The affidavit annexed was that of appellant to the effect that he was served with the summons and complaint on August 4, 1880, and that said case was not placed on the calendar of the court for trial until the June term of the court, 1882.

In behalf of the respondent, the affidavit of his attorney was submitted, to the effect that a few days after the service of the summons and complaint, he was notified by Messrs. Walker & Bacot that they had been retained as attorneys of the appellant, and requested an extension of time to answer, which request was acceded to by plaintiff's (respondent herein) attorney; that on October 25, 1880, defendant requested Messrs. Walker & Bacot to file the answer, and receiving no reply from them, he again

addressed a similar request to those gentlemen on November 19, 1880; that no answer was put in, and, on the contrary, further extension of time was asked for and obtained, pending frequent conferences between the counsel of the parties as to some settlement of the case; that no adjustment having been effected, deponent, on February 11, 1882, again wrote to the attorneys for appellant to put in their answer; that no answer having still been put in, deponent, on May 23, 1882, served upon the attorneys for appellant formal notice that on the first day of the ensuing term of the court, judgment by default would be asked, and in pursuance of such notice judgment was asked for and obtained as above stated. Deponent further stated that the delay in taking judgment arose solely from the action of the defendant, through his attorneys, in asking continued extensions of time to answer, which were granted as a favor and a courtesy to the defendant and his attorneys.

It is proper to state here that this motion to set aside the judgment was not made by Messrs. Walker & Bacot, but by another attorney, who does not seem to have had any previous connection with the case.

The motion was heard by Judge Pressley, and refused upon the ground that, while the rule is "that a case at law is out of court, if no step has been taken therein for a year and a day," yet he considered what had passed between the attorneys as sufficient to keep the case in court. From this judgment or order Francis Goblet appeals, in general terms, without stating any ground whatever, and without filing any exceptions designating any specific error in the order appealed from. This of itself is sufficient to warrant us in dismissing this appeal under the well settled rule of this court, and this certainly is a case very appropriate for the application of the rule. No excuse for, or explanation of, the delay occasioned by the courtesy extended to his attorneys is even suggested by the appellant, and it is not even intimated that he has a *bona fide* defence to the action in which the judgment he is seeking to set aside was recovered. There is nothing whatever in the case, as presented to us, calling for or even warranting any indulgence from the court, and, on the con-

trary, everything seems to call for the strictest application of the rules.

But to avoid any misapprehension as to an important matter of practice, we may add that we do not think the appeal could be sustained, even if it had been taken in the most formal manner. The complaint was filed in due time, and the only ground of objection seems to be that the case was not docketed within a year and a day after service of the summons and complaint. The code provides that if the plaintiff fails to docket his case within the prescribed time, and the defendant desires that the case shall proceed, he may have it docketed and thus avoid any delay, but we do not understand that there is any provision of the code which declares that a failure to docket a case within the prescribed time puts the party out of court, and the rule, under the old practice, in reference to this matter, does not apply to the practice under the code. *Hagood* v. *Riley*, 21 *S. C.*, 143.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.